UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENEE E., | |
| Plaintiff, | CASE NO. C20-5275-MAT |
| v. | |
| ANDREW M. SAUL,<br>Commissioner of Social Security, | ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |
| Defendant. | |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1974.[1] She has a high school diploma and additional

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

vocational training, and previously worked as a loss prevention officer. (AR 367, 377.)

Plaintiff applied for DIB and SSI in July and September 2017, respectively. (AR 322-35.) Those applications were denied and Plaintiff timely requested a hearing. (AR 230-43, 261-67, 269-70.)

In October 2018, ALJ David Johnson held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 104-37.) In February 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 51-63.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since February 20, 2016, the alleged onset date. (AR 54.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's somatic symptom disorder, depressive disorder, anxiety disorder, post-traumatic stress disorder, headaches, degenerative disc disease, degenerative joint disease, history of hernia, history of eating disorder, and history of alcohol abuse. (AR 54.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 54-56.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing sedentary work with additional limitations: she cannot climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crawl, and climb ramps or stairs. She can frequently crouch. She cannot have concentrated exposure to vibration or extreme cold, and cannot have any exposure to hazards. She can have occasional superficial interaction with the general public, and can interact with no more than five co-workers. (AR 56.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 61.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as lens inserter, circuit board touchup screener, and document preparer. (AR 62.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing two medical opinions. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

/ / /

Medical opinion evidence

Plaintiff challenges the ALJ's assessment of opinions written by examining physician Beth Liu, M.D., and examining psychologist April Fritch, Ph.D. The Court will address each opinion in turn.

<u>Legal standards</u>

Because Plaintiff filed her claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id*. at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id*. at (b)(2), (c)(3)-(5). *But see id*. at (b)(3) (where finding two or more opinions/findings about

---

[2] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered). Where a single medical source provides multiple opinions or findings, the ALJ conducts a single analysis and need not articulate how each opinion or finding is considered individually. *Id*. at (b)(1).

Dr. Liu's opinion

Dr. Liu examined Plaintiff in November 2017 and wrote a narrative report describing Plaintiff's physical symptoms and limitations. (AR 813-18.) Dr. Liu found that Plaintiff could, *inter alia*, lift/carry up to 5-10 pounds occasionally, sit for 40 minutes at a time for up to 3-4 hours total per workday, stand for 20-30 minutes at a time for up to two hours total per workday, and walk for 15 minutes at a time for up to one hour per workday. (AR 816-17.) Dr. Liu opined that Plaintiff could use her right hand occasionally (due to a recent injury) and her left hand frequently. (AR 817.) Dr. Liu also found that Plaintiff could not climb ladders or scaffolds, crawl, or kneel, and that her environmental limitations "include unprotected heights, moving mechanical parts." (*Id*.)

The ALJ found Dr. Liu's opinion to be unpersuasive because (1) the right-hand limitations were based on a temporary injury that does not satisfy the durational requirement and the left-hand limitations were inconsistent with the normal objective findings; (2) the postural and environmental limitations were vague and inconsistent with and unsupported by examination findings; and (3) the sitting restrictions are inconsistent with the record and Dr. Liu's own examination findings. (AR 59.)

Plaintiff argues that the ALJ's assessment of Dr. Liu's opinion as to Plaintiff's sitting restrictions is insufficiently articulated because the ALJ did not explain why the record and/or Dr. Liu's examination findings were inconsistent with the record. Dkt. 19 at 7. Plaintiff's point is

well-taken as to the examination findings: it is unclear which of Dr. Liu's examination findings the ALJ had in mind when finding them inconsistent with Dr. Liu's conclusions. None of the examination findings obviously pertains to Plaintiff's sitting ability (even those cited by the Commissioner (Dkt. 20 at 6)), and in the absence of an explanation from the ALJ, the Court cannot discern the ALJ's reasoning as to Dr. Liu's examination findings.

The Commissioner points to some evidence in the record that is inconsistent with Dr. Liu's opinion, namely the opinions of the State agency consultants, describing Plaintiff as capable of sitting six hours per workday.[3] (AR 175, 189, 207, 224.) The State agency consultants considered Dr. Liu's opinion in rendering their own opinions, but inaccurately stated that Dr. Liu's report did not include a medical opinion and they provided no rationale as to why their conclusions differed from Dr. Liu's conclusions. (*See* AR 168, 177, 182, 188, 191, 199, 209, 216, 226.) Because neither the State agency consultants nor the ALJ explained with any specificity why Dr. Liu's conclusions were not persuasive, the Court finds that the ALJ's conclusory finding that Dr. Liu's opinion is "inconsistent with the record" is not a sufficient explanation of the ALJ's assessment of Dr. Liu's opinion.

In an attempt to fill in the gaps, the Commissioner points to various objective findings (such as Plaintiff's normal strength and sensation, ability to walk without an assistive device, ability to dress/undress herself, ability to get up and down from a chair, and ability to get on and off an examination table), but none of these findings is reasonably inconsistent with an opinion

---

[3] Although the Commissioner also states that Dr. Liu's opinion is inconsistent with another examining physician's opinion (Dkt. 20 at 6), the Commissioner misstates the record. Constance Campbell, M.D., found Plaintiff capable of sitting for *less than* six hours per workday, not *up to* six hours. (*See* AR 1115.) Dr. Campbell's opinion is therefore not inconsistent with Dr. Liu's opinion with respect to Plaintiff's sitting ability.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

that Plaintiff can sit for four hours per workday. Dkt. 20 at 6. Because the Court cannot discern the ALJ's rationale for finding Dr. Liu's opinion inconsistent with the record and with her own examination findings, the Court finds that the ALJ erred in assessing Dr. Liu's opinion.

Dr. Fritch's opinion

Dr. Fritch examined Plaintiff in September 2018 and wrote a narrative report describing her psychological symptoms and limitations. (AR 968-72.) Her medical source statement reads as follows:

> [Plaintiff's] somatic symptom disorder and chronic pain, as well as anxiety and depression, will likely interfere with her ability to be a reliable dependable employee. Amotivation and her symptoms will likely continue to interfere with optimal work performance and work relationships. At this time she reportedly struggles to leave her home such that outside employment may prove difficult and will be hindered by attendance issues, due to chronic pain, anxiety, and amotivation. The claimant is able to understand, remember, and carry out instructions, including complex, multi-step instructions. She may avoid confrontation and fail to assert herself in work situations with peers and/or supervisors, but otherwise likely gets along well with others. She may demonstrate optimal success in quiet, low volume, self-paced work environments, perhaps working from home, where her anxiety will be minimally triggered. Her ability to interact appropriately with the public and coworkers is mildly impaired due to a chronic anxiety and fearful thoughts. Her ability to respond appropriately to changes in usual work situations or routines in a work setting is also mildly impaired, again due to difficulties managing her internal dialogue, thoughts, and anxiety. Like most individuals, she may be prone to frustration, irritability, or anger in response to unexpected or unanticipated changes in schedule, expectations, or environment and will function better when provided clear expectations and predictability. She may benefit from learning additional coping strategies to manage her depression, anxiety, and chronic pain. Current substance use and dependence is not contributory.

(AR 971.)

The ALJ found Dr. Fritch's opinion to be persuasive because it was consistent with the results of the mental status examination Dr. Fritch performed, and because it was consistent with Plaintiff's ability to manage her medication and finances, and drive. (AR 60.) The only mental

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

limitations in the RFC, however, are a restriction to occasional superficial interaction with the general public, and interaction with no more than five co-workers.  (AR 56.)

Plaintiff argues that the ALJ erred in purporting to find Dr. Fritch's opinion persuasive but then failing to account for all of the limitations she described.  Dkt. 19 at 11-12.  Indeed, the ALJ's RFC assessment only includes social limitations, but fails to account for the attendance and adaptation limitations described by Dr. Fritch.  The Commissioner argues that the ALJ also limited Plaintiff to unskilled work, but cites the list of unskilled jobs at step five as support, and this is not equivalent to an RFC finding.  Dkt. 20 at 7 (citing AR 62).  In any event, even if the ALJ had limited Plaintiff to unskilled work, Dr. Fritch's opinion would not have supported the existence of this limitation because Dr. Fritch explicitly found Plaintiff capable of performing complex, multi-step instructions.  (AR 971.)

The Commissioner also argues that some of Dr. Fritch's medical source statement was speculative or equivocal in its phrasing, indicating that Plaintiff "may" or would "likely" have various limitations, and described Plaintiff's optimal work environment rather than the most she could do.  Dkt. 20 at 7.  That may be true, but the ALJ nonetheless stated that Dr. Fritch's opinion was persuasive; the Commissioner's providing reasons why Dr. Fritch's opinion is not useful or vague does not demonstrate that the ALJ reasonably assessed Dr. Fritch's opinion or that the ALJ's decision is free of error.  Because the ALJ did not fully account for all Dr. Fritch's opinion while purporting to find it persuasive, the Court finds that the ALJ erred in assessing Dr. Fritch's opinion.

Although Plaintiff requests that the ALJ's errors be remedied by a finding of disability, the Court finds that a remand for further administrative proceedings is the appropriate remedy.  The record contains conflicts between Plaintiff's allegations and the record, and Plaintiff does not challenge the ALJ's reasoning for discounting her allegations.  (AR 57-59.)  This conflict must be

resolved before Plaintiff can be found disabled. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution."). Accordingly, the Court orders that this case be remanded for further administrative proceedings.

## **CONCLUSION**

For the reasons set forth above, the Commissioner's decision is REVERSED and this matter is REMANDED for further administrative proceedings. On remand, the ALJ should reconsider the opinions of Drs. Liu and Fitch.

DATED this <u>4th</u> day of December, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9